McKinney, J.,
delivered the opinion of the Court.
The questions submitted for our determination in this cause *714 arise out of certain provisions in the will of Metcalf DeGraf-fenried, deceased.
Among other clauses in the will, are the following : “I will, devise, give and bequeath all the rest and residue of my estate, both personal and real, to my children, Catharine D. J. and Benjamin Russ De Graffenreid, their heirs, executors and administrators, forever. * * * * Should my said son Benjamin Russ die without leaving issue, before he attains the age of twenty-one years, then it is my will, and I hereby direct, that the estate herein given him, shall revert, return, and go to my said daughter Catharine D. J., her heirs and legal representatives. * * * * I will and direct, that such part of my personal estate as is herein given to my daughter Catha-rine D. J. — provided the same shall not exceed the one half in value of the whole real and personal estate herein given to her — shall be converted : and it is my will, that such one half shall be converted into money by my executors, and the same be paid over to trustees, to be appointed by a court exercising Chancery jurisdiction, to be by them held upon these trusts,” &c. The will proceeds to direct the trustees to appropriate the interest accruing upon the fund, to the sole and separate use of the said Catharine : denies to her all power of disposition of the fund ; and directs that at her death, the trustees shall “ pay, transfer and assign the same to the next of kin of said Catharine D. J., their heirs, executors, administrators and assigns, according to the statute for the distribution of the effects of persons dying intestate.”
It appears that the residue of the testator’s estate was divided between his two children, as directed by the will. It also appears that a fund, amounting to $6,955.67, was by a proper proceeding in chancery, vested in a trustee for the benefit of said Catharine, who is now the wife of the complainant, John H. Ewing. It further appears, that in 1859, said Benjamin Russ died intestate, under the age of twenty-one years, unmarried and without issue : leaving, as his heirs at law, and next of kin, his mother, and his half sister, said *715 Catharine D. J. His estate consists of the moiety of the real estate of his father, derived under his will, and $10,554.23, in money, in the hands of his guardian — being the principal of his share in the personal estate of his father, under the will : and the further sum of $745.11 — being a surplus of the income accruing from said principal fund remaining undisposed of at the death of said Benjamin.
Upon this state of the case, we are of opinion, first, that the limitation over to Catharine, in the event contemplated by.the will, is valid. Consequently, on the death of Benjamin, under the age of twenty-one years, without leaving issue, his entire estate, derived under the will, passed to his sister Catharine : that is to say — his moiety of the real estate, and the principal of his share of the personal estate, being $10,-554.23. But the surplus of the income of said fund, did not pass, under the will, to said Catharine.
The argument is plausible, that the word estate, being sufficiently comprehensive to embrace the income of the fund, ought to be so construed, in view of the manifest intention of the testator, that the daughter, upon the son’s death, should take every thing given to him by the will. The answer to this is that the word estate — although the most comprehensive, perhaps, that could have been used — must be restricted to the subject matter of the gift. The “ estate” limited over to the daughter, was the “ estate,” as given by the will, to the son : not a greater or different interest : not the subsequent accretions of the estate.
Secondly : We are of opinion, that the provision of the will, requiring that one half in value of the whole real and personal estate given by the will to Catharine should be converted into money, and vested in a trustee for her benefit, under the trusts therein declared — applies as well to the contingent, as to the direct, absolute gift.
The probability that the daughter would succeed to the entire estate, by the death of the son in his minority, without issue, was prominently before the mind of the testator ; and *716 in view of that event, he made a contingent gift of the son’s portion over to the daughter. And having thus provided for her possible ownership of the whole estate, he proceeds to direct, that “one half in value of the whole real and personal estate herein given to her” shall be converted into money, and settled upon her, to her seperate use.
From this language of the will, and from its manifest scope and intention, we think the testator unquestionably designed, in the event that has happened, that one-half, in value, of the share given over to the daughter, upon the son’s death, should be settled upon her-, in like manner as provided in regard to the portion given to her, in the first instance, absolutely.
The decree of the Chancellor will be modified accordingly.